UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-394-01-01 |
| VERSUS | CHIEF JUDGE HICKS |
| DEMETRIUS DEANGELO HALL (01) | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Demetrius DeAngelo Hall ("Defendant") is charged with conspiracy to distribute and possess with intent to distribute methamphetamine and with two charges of distribution of methamphetamine. Defendant filed a Motion to Proceed Pro Se (Doc. 308) which alleged that Defendant's counsel would not file pretrial motions as requested by Defendant. At a hearing on the motion, Defendant agreed to continue to be represented by his appointed counsel with the caveat that Defendant be allowed to file two pro se motions. Before the court is Defendant's pro se Motion to Suppress (Doc. 338). For the reasons that follow, it is recommended that the motion be denied.

**Defendant's Motion to Suppress**

Defendant alleges that the Government's case is based on a wiretap order issued in the Western District of Louisiana. Defendant seeks to suppress the wire and electronic communications that were intercepted pursuant to the order. Defendant argues that (1) the warrant was facially deficient and constitutionally invalid, (2) the wire intercepts were compiled and monitored in the Eastern District of Louisiana and the order only applied to

the jurisdictional territory encompassed by this court, and (3) a clear chain of custody for the DVD containing the wire intercepts cannot be established.

**Analysis**

The Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 allows judges to issue wiretap orders authorizing the interception of communications to help prevent, detect, or prosecute serious federal crimes. The statute requires the court to find probable cause supporting the issuance of the order, and it sets forth other detailed requirements governing both the application for a wiretap and the judicial order that authorizes it. See § 2518.

The statute provides for the suppression of "the contents of any wire or oral communication" that a wiretap intercepts along with any evidence derived from those contents if:

(i) the communication was unlawfully intercepted;
(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
(iii) the interception was not made in conformity with the order of authorization or approval.

§ 2518(10)(a).

Defendant first argues that the warrant for the wiretap was "facially deficient, wholy (sic) illegal and unconstitutionally invalid," but he does not provide any basis for this conclusory allegation. He has not set forth any facts that support the contention that the applications and affidavits for the wiretaps of his telephone numbers were not supported by probable cause. "Factual allegations set forth in the defendant's motion [to suppress] … must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court

to conclude the court to conclude that a substantial claim is presented.'" U.S. v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Conclusory allegations founded on mere conjecture will not suffice. Id. Defendant has not met that burden on this issue, so this claim is without merit. In any event, the affidavits provided ample probable cause for the wiretaps.

Defendant's argument that the order is facially deficient appears to be based on the method in which the interception was made. He argues that the wire intercepts were compiled and monitored in the Eastern District of Louisiana although the order only applied to the Western District of Louisiana. The court's jurisdiction over a wire intercept arises when either (1) the telephone subject to the court's interception order is located inside the territorial jurisdiction of the court, or (2) the place where the interceptions are first heard or read and minimized are within the territorial jurisdiction of the court that issued the order. Dahda v. United States, 138 S.Ct. 1491, 1495 (2018).

Defendant asserts that the electronic communications were intercepted and recorded on DVDs by a Title III machine located in the Eastern District of Louisiana. Those DVDs were then shipped to DEA Headquarters in Shreveport, Louisiana, where they were transcribed. Defendant argues that the warrant "was illegally used to order that recordings be made and data compiled from information and conversations recorded by Title III machines by the DEA in the … Eastern District of Louisiana …." Defendant submitted reports of investigation from the DEA that stated that discs containing wire and electronic communications intercepted from Defendant's telephone numbers were downloaded from the New Orleans Title III machines and shipped via FedEx to the DEA Resident Office in Shreveport.

The Government submitted an affidavit from Verdell Stone, a DEA Investigative Telecommunications Specialist, that explained the procedures for intercepting wire communications. Doc. 349-1. Once the court order is received by the telecommunications provider, the wire and electronic communications are sent to the listening post located within the territorial jurisdiction of the Western District of Louisiana via the JSI System. All monitoring and minimizing in this case were done solely within the listening posts located in the Western District of Louisiana. So, although the information was intercepted on equipment located in New Orleans, it was transferred to the Shreveport office to be monitored (first heard and read) and minimized.

The procedure used to obtain the wire intercepts did not violate the requirements set forth in Dahda. The telephone numbers subject to the intercept were both located in the Western District of Louisiana. Specialist Stone's affidavit and the reports attached to Defendant's motion show that, although the equipment used to intercept the communications is located in New Orleans, the discs containing the communications were sent to the listening post in Shreveport, where they were first heard or read and minimized. Accordingly, Defendant's claim on this issue is without merit.

Defendant argues that the discs "were not shipped under secure circumstances" and were not "spot checked or minimized" by authorized agents, in violation of the DEA's policies and procedures. Defendant alleges that a "clear chain of evidence" cannot be shown between the time the discs were recorded and the time they were received by the Shreveport Division of the DEA.

"[T]he mere possibility of a break in the chain [of custody] does not render the physical evidence inadmissible, but raises the question of the weight to be accorded by the jury to the sufficiency of the proof of a chain of custody." United States v. White, 569 F.2d 263, 266 (5th Cir.), cert. denied, 439 U.S. 848 (1978). The ultimate decision concerning the authenticity of the evidence and the weight it should be accorded are left to the jury. The court will not address the Government's burden of proof by means of a motion to suppress. The Government will have the burden to prove the chain of custody of the discs when they are offered into evidence at trial. The court will entertain any appropriate objection to admissibility at that time. Defendant has not established a constitutional basis for the suppression of the discs.

Accordingly

It is recommended that Defendant's Motion to Suppress (Doc. 338) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge