UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-00394-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMETRIUS DEANGELO HALL (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Demetrius DeAngelo Hall ("Defendant") is charged with conspiracy to distribute and possession with intent to distribute methamphetamine and two additional charges of distribution of methamphetamine. Defendant filed a Motion to Proceed *Pro Se* (Record Document 308) which alleged that Defendant's counsel would not file pretrial motions as requested by Defendant. At a hearing on the motion, Defendant agreed to continue to be represented by his appointed counsel. However, the Court allowed Defendant to file his *pro se* motions.

Before this Court is Defendant's *pro se* Motion to Dismiss (Record Document 339), seeking dismissal of the charges based on violations of Defendant's right to a speedy trial. For the following reasons, the Motion is **DENIED**.

**PROCEDURAL BACKGROUND**

A complaint was filed on November 18, 2019, charging Defendant with one count of possession with intent to distribute methamphetamine. Ashley Martin with the Federal Public Defender's Office was appointed as his counsel that day during his initial appearance. See Record Documents 1, 4.  A preliminary examination was held on November 21, 2019, and the Government moved to detain Defendant pending trial.

Defendant did not contest the motion and reserved his right to a detention hearing at a later date. See Record Document 7.

On December 18, 2019, an indictment was filed charging Defendant with one count of distribution of methamphetamine. See Record Document 9. Defendant had his initial appearance on December 20, 2019, and he entered a plea of not guilty. See Record Document 16. A trial date was set for March 3, 2020.

On February 26, 2020, a Superseding Indictment was filed that added a charge of conspiracy to distribute methamphetamine and a charge of distribution of methamphetamine. The same day, this Court issued an order that stated: "In light of the Superseding Indictment … the jury trial currently set for March 3, 2020 is hereby UPSET and will be reset by further order of the Court. The Court finds that this delay is necessary in the interests of justice." Record Document 24. An arraignment was held on the Superseding Indictment on March 18, 2020, and Defendant entered a plea of not guilty. Record Document 93.

On March 16, 2020, the Court entered a district-wide order that cancelled all scheduled trials due circumstances created by the COVID-19 pandemic. Due to the reduced ability to obtain an adequate spectrum of jurors and the public health considerations created by the pandemic, the Court found that the ends of justice served by ordering continuances outweighed each defendant's right to a speedy trial. The order was set to remain in effect until May 1, 2020. On April 14, 2020, the Court entered a supplemental order that extended the continuance on trials through July 1, 2020. Several more supplemental orders were entered that extended the continuance of all trials through April 1, 2021.

On May 11, 2020, a status conference was held. The Court noted the complexity of discovery in the case, the number of defendants, Defendant's need for additional time to file motions, and the Court's efforts to minimize exposure to COVID-19. The Court found that the ends of justice were served by ordering a delay in the case. See Record Document 122.  Another status conference was held on July 28, 2020, and the case was again continued due to the complexity of the case and the COVID-19 pandemic. A jury trial was set for October 14, 2020. See Record Document 153.

Due to the ongoing pandemic, the October 14 trial date was converted to a status conference. The Court once again found that the ends of justice were served by continuing the case due to the pandemic and the complexity of the case. Additionally, co-defendant, Larry Nichols, had recently been arrested, and his attorney needed time to review the voluminous discovery in the case. Trial was set for February 1, 2021. See Record Document 199.

On November 9, 2020, Defendant filed a motion for appointment of new counsel.[1] See Record Document 219. The Court reluctantly granted the motion, and Craig Bass was appointed to represent Defendant. Record Document 220. Mr. Bass filed a motion to continue trial so that he could review discovery and investigate the charges. See Record Document 236. The motion was granted at a status conference on December 16, 2020, and the trial was reset for June 14, 2021. See Record Documents 247, 248. On April 20, 2021, the case was once again continued due to case management issues created by the pandemic. See Record Document 301. The trial is currently set for November 1, 2021.

---

[1] Defendant requested new counsel because he was dissatisfied that Ms. Martin would not file a motion to suppress. Defendant filed a *pro se* motion to suppress (Record Document 338). The magistrate judge has entered a Report and Recommendation (Record Document 353) that recommends that the Court deny the motion.

...

**LAW AND ANALYSIS**

1. **Speedy Trial Act**

The Speedy Trial Act is designed to ensure a federal defendant's Sixth Amendment right to a speedy trial and to reduce the risk to the public from prolonged periods of the defendant's release on bail. See United States v. Johnson, 29 F.3d 940, 942 (5th Cir. 1994). The Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay. See 18 U.S.C. §§ 3161(c)(1), (h). The district court may continue a trial and exclude the period of the continuance from Speedy Trial Act calculations based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). If a defendant is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof.

Defendant first argues that the February 26, 2020, order upsetting the trial date was insufficient because it lacked detailed legal reasoning as to why the trial date should be continued. That order was entered due to the filing of a Superseding Indictment. The Superseding Indictment added a charge of conspiracy and joined nine additional co-defendants. When a superseding indictment does not merely make minor corrections to original indictment but widens scope of criminal prosecution so as to try other conspirators, the starting point for the speedy trial clock is reset to the date of arraignment on the Superseding Indictment. United States v. Harris, 566 F.3d 422, 429 (5th Cir. 2009).

The Superseding Indictment, in this case, significantly widened the investigation and added nine co-defendants. Accordingly, the Court did not err in continuing the trial until Defendant could be arraigned on the Superseding Indictment.

Defendant next argues that, if the February 26, 2020 order was not in error, then he should have been tried no later than 70 days from that order, or by May 10, 2020. By that time, the COVID-19 pandemic had caused grave concerns about the safety of the public. Court operations were shut down pursuant to the March 16, 2020 order of the Court, and all trials were continued. Defendant asserts that the Court reopened for trials on May 1, 2020, but that is not the case. The Court extended the order on April 15, 2020 and entered several more supplemental orders that continued all trials through April 1, 2021.[2]

Defendant argues that his speedy trial time would have begun to run again once the order continuing all trials expired on April 1, 2021. He states that he has been prejudiced by the delay in his trial because one of his co-defendants, Raymond Jefferson, died and his indictment was dismissed by the Government on March 22, 2021.

All of the continuances entered in this case were proper. For each of the continuances, the Court made a proper "ends of justice" finding. See Record Documents 122, 134, 152, 198, 248, and 301. The Court considered factors such as the complexity of the case, the number of defendants, the efforts to minimize the parties' exposure to

---

[2] Defendant does not argue that the Court's orders continuing all trials due to COVID-19 were unconstitutional. Any such arguments would be meritless. "Almost every court faced with the question of whether general COVID-19 considerations justify an ends-of-justice continuance and exclusion of time has arrived at the same answer: yes." United States v. Smith, 460 F. Supp. 3d 981, 984 (E.D. Cal. 2020).

COVID-19, and the necessity for new defense counsel to effectively prepare for trial. Accordingly, there was no Speedy Trial Act violation in this case.

### 2. Sixth Amendment

Defendant argues that his Sixth Amendment right to a Speedy Trial has been violated. "It will be the unusual case ... where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." United States v. Bieganowski, 313 F.3d 264, 284 (5th Cir. 2002). This case is no exception.

The Supreme Court has identified four factors to consider in determining if a defendant has been deprived of his Sixth Amendment right to a speedy trial: "(1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." Barker v. Wingo, 407 U.S. 514 (1972). Where the length of a delay is sufficient to warrant a Barker analysis, the court must determine whether the first three factors "weigh so heavily in favor of the defendant that prejudice is to be presumed." United States v. Frye, 489 F.3d 201, 209 (5th Cir. 2007). If an analysis of the first three Barker factors does not weigh so heavily as to justify a presumption of prejudice, then the defendant bears the burden of establishing actual prejudice and demonstrating that such prejudice is sufficient to outweigh the other three factors. See United States v. Serna-Villarreal, 352 F.3d 225, 231 (5th Cir. 2003).

As to the first factor, the delay in this case has lasted for nearly two years, which is enough to trigger a Barker analysis. As to the second factor, there have been many circumstances that warranted continuances in this case, including the COVID-19 pandemic, the Superseding Indictment that significantly widened the case, the complexity

6

of the issues and voluminous discovery, and Defendant's own requests to replace competent counsel. The continuances were not sought for ulterior purposes like "the government's failure to meet deadlines." United States v. Blevins, 142 F.3d 223, 226 (5th Cir. 1998). As to the third factor, Defendant did not assert his right to a speedy trial or object to the continuances. Any such objection would have been heavily outweighed by the need for the delays.

Prejudice cannot be presumed because the first two Barker factors do not cut strongly in Defendant's favor. Defendant argues, for the first time in his reply memorandum, that he was prejudiced by the delays because one of the co-defendants, Raymond Jefferson, has died. Defendant argues that he has been "denied the right to 'cross-examine'" Jefferson. Record Document 339. Defendant gives no indication as to the content and relevance of the lost testimony and how its absence impaired his defense. This speculative allegation is not enough to show actual prejudice. Upon analyzing these relevant factors, the Court finds no Sixth Amendment violation.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *pro se* Motion to Dismiss (Record Document 339) be **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 2nd day of September, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT