UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00394-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMETRIUS DEANGELO HALL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Demetrius Deangelo Hall's ("Hall") "Motion for Compassionate Release under the First Step Act and CARES Act 18 U.S.C. § 3582(c)(2) and 3553(a) of 2018" (Record Document 559). The Government has opposed Hall's motion. See Record Document 566. Hall filed a reply brief. See Record Document 589. For the reasons set forth below, Hall's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On October 6, 2021, Hall pled guilty to conspiracy to distribute and possession with the intent to distribute methamphetamine. See Record Documents 391 & 394. Hall was sentenced on March 2, 2022, to 262 months imprisonment. See Record Documents 482-484. Hall's imprisonment shall be followed by ten years of supervised release. See Record Document 482 & 483.

Hall is presently serving his sentence at Yazoo City Low FCI. His projected release date is June 27, 2038.

**LAW AND ANALYSIS**

Hall seeks compassionate release due to certain medical conditions, namely obesity, breathing difficulties, and sickle cell anemia. See Record Document 559 at 1. Hall believes these conditions create a vulnerable medical state and present

extraordinary and compelling reasons for compassionate release. See id. He further submits that he has five children who need assistance and he is their only caregiver at this time. See id. His last ground for compassionate release is his objection to the methamphetamine-related sentencing guidelines used to determine his advisory imprisonment range. See id. at 1-2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Hall moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before

filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Hall has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Hall's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not

dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Again, Hall argues his obesity, breathing difficulties, and sickle cell anemia are extraordinary and compelling reasons for his compassionate release. These medical conditions do not amount to extraordinary and compelling reasons for Hall's release. Even if the Court were to assume that Hall's medical conditions may make him more susceptible to a severe illness should he contract COVID-19, this does not constitute extraordinary and compelling reasons warranting release because Hall was offered to be administered the Pfizer-BioNTech vaccine on June 1, 2022, but refused. See Record Document 566-1. Hall "cannot refuse the vaccine to prevent against COVID-19 on the one hand and then argue for compassionate release because he faces an increased risk of severe illness or death should he contract COVID-19 on the other hand." U.S. v. Pruitt, No. 3:14-CR-0384-B-1, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021), citing U.S. v. Walker, No. 3:15-CR-170-N (N.D. Tex. Feb. 9, 2021), ECF No. 154, at 5 ("Like many other federal courts, this Court is not inclined to find compelling circumstances for reducing [the defendant]'s sentence based on COVID-19 concerns when he has declined to take available precautions against infection."); see also U.S. v. Frazier, No. CR 16-148, 2021 WL 4948038, at *3 (E.D. La. Oct. 25, 2021) ("Moreover, the Court finds that defendant's refusal of the COVID-19 vaccine weighs heavily against his argument that his susceptibility to the virus warrants compassionate release. . . . The Court finds that, defendant's refusal to take steps to mitigate his chances of becoming ill from COVID-19 further supports a finding that his case does not present extraordinary and compelling circumstances warranting his release.").

Hall also submits that he has five children who need his assistance and that he is their only caregiver. Hall bears the burden of showing the necessary circumstances that would warrant relief under the compassionate release statute. See Wright, 2020 WL

1976828, at *6. Yet, he has failed to offer any evidence to support this statement that he is the only caregiver available to take care of his five children.

Hall further argues that the methamphetamine-related sentencing guidelines should not be applicable to his case because they are outdated and "purity is no longer probative of the defendant['s] culpability." Record Document 559 at 2. He contends this situation present an extraordinary and compelling reason for compassionate release. Recently, in United States v. Escajeda, 58 F.4th 184 (5th Cir. 2023), the Fifth Circuit explained that compassionate release requires extraordinary and compelling circumstances and "these terms explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." Id. at 186. Hall's argument based on the methamphetamine-related sentencing guidelines simply do not present extraordinarily severe exigency; it was foreseeable at the time of sentencing; and it is not unique to Hall.

Notwithstanding, even if this Court were to find that Hall had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The facts and circumstances of the offense of conviction, i.e., conspiracy to distribute and possession with the intent to distribute methamphetamine, and Hall's history and characteristics weigh heavily against release in this case. The Presentence Investigation Report ("PSR") demonstrates that Hall has an extensive criminal history involving simple burglary, drug possession, drug distribution, and felony theft. See Record Document 424 (PSR) at ¶¶ 44-60. The conspiracy time period for the instant offense overlapped with Hall's parole for Distribution of a Schedule I CDS. See id. at ¶

49.  It is this Court's belief that a reduced sentence in this case – which involves a large-scale conspiracy to traffic methamphetamine from Texas to Louisiana – simply would not be just punishment, would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.  A reduced sentence would also create disparity with respect to defendants with similar criminal records who have engaged in similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Hall's Motion for Compassionate Release (Record Document 559) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of May, 2023.

_____
United States District Judge