UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:19-cr-00394-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMETRIUS DEANGELO HALL (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Demetrius Deangelo Hall ("Hall"). See Record Document 568. The United States of America ("the Government") opposed the Motion. See Record Document 582. Hall did not reply. For the reasons set forth below, Hall's Motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 26, 2020, a federal grand jury returned a nine-count Superseding Indictment charging Hall and nine others with a variety of drug and gun offenses. See Record Document 582 at 3. Hall was named in three counts: Count 1, Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine; Count 2, Distribution of Methamphetamine; and Count 8, Distribution of Methamphetamine. See id. Ashley Martin with the Federal Public Defender's Office was appointed to represent Hall. See id.

On November 9, 2020, Hall filed a pro se motion to appoint new counsel, which was granted by Magistrate Judge Hornsby ("Judge Hornsby"). See id.; see also Record Documents 219, 220. As a result, Craig L. Bass ("Bass") was appointed to represent Hall.

See Record Document 582 at 4. On March 18, 2021, Hall filed a pro se motion to appoint new counsel, which was denied by Judge Hornsby. See id.; see also Record Documents 283, 284. Bass then filed a motion to withdraw, as requested by Hall, but Judge Hornsby denied the motion. See Record Document 582 at 4; see also Record Documents 294, 295.

On May 28, 2021, Hall filed a motion to proceed pro se. See Record Document 308. After a hearing, he was allowed to file a pro se motion to suppress and a speedy trial motion. See Record Document 582 at 4; see also Record Document 319. On August 25, 2021, Judge Hornsby issued a report and recommendation concluding that Hall's motion to suppress should be denied. See Record Documents 338, 353. Despite his objections, the Court adopted the report and recommendation. See Record Document 582 at 4–5; see also Record Documents 355, 362. On September 2, 2021, the Court denied Hall's pro se motion to dismiss based on speedy trial issues. See Record Documents 356, 357.

On October 6, 2021, Hall pled guilty to Count 1 of the indictment. See Record Documents 391, 394. The presentence investigation report provided a guideline imprisonment range of 324 to 405 months. See Record Document 450, ¶ 75. The Government filed a § 5K1.1 motion, and Hall was ultimately sentenced to 262 months' imprisonment on March 2, 2022. See Record Document 483.

On February 23, 2022, a judgment was entered by the United States Court of Appeals for the Fifth Circuit dismissing Hall's appeal as frivolous. See Record Document 565; see also Record Document 582 at 5. On March 2, 2023, Hall filed the instant § 2255 motion. See Record Document 568.

**LAW AND ANALYSIS**

Hall challenges his conviction on three grounds: (1) Ineffective assistance of counsel. Hall argues his counsel was ineffective for failing to file motions dealing with suppression and speedy trial issues. (2) Ineffective assistance of counsel. Hall asserts his counsel was ineffective for not objecting to the section of the presentence investigation report mentioning his leadership role in the offense. (3) Conflict of interest. Hall claims there was a conflict of interest between him and his counsel. He argues his counsel refused "to file any motions on or before pretrial." See Record Document 568 at 4–7. In his Motion, Hall provides that Bass represented him at the preliminary hearing and at sentencing, and Mark David Plaisance represented him on appeal. See id. at 10. However, his allegations do not specify which attorney failed to provide him with adequate representation. From his Motion, the Court assumes Hall's first two grounds likely refer to Bass since they discuss actions taken before appeal. Ultimately, Hall requests that his case be remanded back to the district court to correct his sentence. See id. at 12.

In its opposition, the Government submits Hall's counsel was not ineffective for failing to raise frivolous motions to suppress and to dismiss the indictment. See Record Document 582 at 8. The Government supports its argument by referring to Judge Hornsby's report and recommendation, which was adopted by the Court, finding Hall's motion to suppress meritless. See id. Additionally, the Government points to the Court previously finding that there were no Speedy Trial Act violations. See id. Furthermore, the Government contends the filing of pretrial motions is a part of trial strategy, which affords an attorney some deference. See id. An attorney's strategic decision not to file meritless motions is reasonable. See id. at 9.

The Government also argues Hall's counsel was not ineffective for failing to object to the presentence investigation report. See id. The Government states he has not presented a viable objection to the leadership role enhancement or to the amount of drugs. See id. Finally, the Government contends that Hall's conflict of interest allegation is meritless because it is conclusory and fails to identify a conflict of interest. See id. at 10. For these reasons, the Government asks the Court to deny Hall's Motion. See id.

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992).

**II. Ineffective Assistance of Counsel.**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065

(1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F. 3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F. 3d 837, 839 (5th Cir. 2003)). "'[T]o prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Conley, 349 F. 3d at 841–42). When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F. 3d 811, 815 (5th Cir. 2000).

"'A potential conflict of interest or one which is merely speculative does not by itself make out a constitutional claim.'" U.S. v. Harrison, No. 19-10916, 2022 WL 873829, at *1 (5th Cir. Mar. 24, 2020) (quoting Barrientos v. U.S., 668 F. 2d 838, 841 (5th Cir. 1982)). The Fifth Circuit has "long held that 'speculative and conclusory allegations…are insufficient to raise a constitutional issue.'" U.S. v. Ewing, 470 Fed. Appx. 394, 395 (5th Cir. 2012) (quoting U.S. v. Hall, 455 F. 3d 508, 522 (5th Cir. 2006) (internal quotation marks and citation omitted)).

**III. Analysis.**

Hall's ineffective assistance of counsel arguments fail both prongs of the Strickland analysis. He claims his counsel was ineffective for two reasons: (1) failure to file motions relating to speedy trial and suppression issues and (2) failure to object to the presentence investigation report regarding his leadership role in the offense. See Record Document

5

568 at 4–5. In a previous report and recommendation, adopted by this Court, Judge Hornsby denied Hall's motion to suppress because he could not establish a constitutional basis for suppression. See Record Document 353 at 5. Additionally, this Court previously denied Hall's motion to dismiss based on violations of his right to a speedy trial. See Record Document 357.

These previous rulings illustrate that it would have been frivolous for Bass to file motions relating to suppression and speedy trial issues. "On numerous occasions, the Fifth Circuit has noted that '[c]ounsel cannot be deficient for failing to press a frivolous point.'" U.S. v. Nelson, No. 17-00246-01, 19-0431, 2023 WL 1073719, at *3 (W.D. La. Jan. 26, 2023). See Sones v. Hargett, 61 F. 3d 410, 415, n. 5 (5th Cir. 1995) (citing Koch v. Puckett, 907 F. 2d 524, 527 (5th Cir. 1990)); see also U.S. v. Gibson, 55 F. 3d 173, 179 (5th Cir. 1995), Murray v. Maggio, 726 F. 2d 279, 283 (5th Cir. 1984). Therefore, Bass was not ineffective because he failed to file frivolous motions.

For similar reasons, Bass was not ineffective for failing to raise an objection as to Hall's leadership role or the amount of drugs in the presentence investigation report. Hall's allegations are speculative and conclusory; thus, they do not meet the standard imposed in Strickland. He provides no evidence that he was prejudiced as a result of Bass's failure to raise an objection. His conclusory allegations alone do not satisfy the standard to prove ineffective assistance of counsel. Therefore, since Hall cannot demonstrate Bass performed deficiently or that he suffered prejudice, the first two grounds claiming ineffective assistance of counsel are meritless.

Hall also contends there was a conflict of interest between him and his attorney. See Record Document 568 at 7. However, he fails to provide any evidence pointing to a

6

conflict of interest that resulted in ineffective assistance of counsel. His arguments are mere speculation. In prior rulings, Judge Hornsby addressed Hall's issues with his counsel and never concluded he suffered from a conflict of interest or ineffective assistance of counsel. See Record Documents 220, 284, 295. As previously stated, this Court found Hall's pretrial motions to dismiss and suppress were meritless. An attorney's decision to not pursue a meritless motion does not constitute a conflict of interest or ineffective assistance of counsel. Thus, since all three of Hall's claims are meritless and fail to meet the proper standards, his Motion is **DENIED**.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Hall's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 568) is **DENIED**.

An Order consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 6th day of January, 2025.

*[signature]*
UNITED STATES DISTRICT COURT JUDGE