**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 19-00394-01

VERSUS                            JUDGE S. MAURICE HICKS, JR.

DEMETRIUS DEANGELO HALL          MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is a Motion for Compassionate Release filed by Defendant Demetrius Deangelo Hall ("Hall") pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 697. The United States filed an opposition. See Record Document 707. Hall filed a reply. See Record Document 733. For the reasons set forth below, the Motion is **DENIED**.

### FACTUAL BACKGROUND

Hall pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. See Record Document 394. At sentencing, the Court imposed a sentence of 262 months of imprisonment and ten years of supervised release. See Record Document 482. Hall's projected release date is August 20, 2038. See Record Document 707 at 2. Hall has only served about one-third of his sentence.

This is Hall's third motion for compassionate release. Hall's prior motions were denied, including his second motion in which he raised arguments concerning his medical conditions, family circumstances, and the Sentencing Guidelines' treatment of methamphetamine offenses. See Record Document 559. In denying that motion, the Court concluded that a reduction in sentence would not comport with the factors set forth in 18 U.S.C. § 3553(a). See Record Document 592.

In the instant motion, Hall again seeks a reduction in his sentence, primarily based on family circumstances. See Record Document 697. Specifically, Hall represents that his wife died in a motor vehicle accident on May 18, 2025, leaving him as the remaining parent for his minor child. See id. at 3–4. Hall also reasserts his argument that the Sentencing Guidelines' treatment of methamphetamine results in an unwarranted sentencing disparity. See id. at 5.

**LAW AND ANALYSIS**

### I.    Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Hall moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for

compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has made clear that the exhaustion requirement is a mandatory rule that must be enforced when properly raised by the Government. See United States v. Franco, 973 F.3d 465, 468–69 (5th Cir. 2020). Courts lack discretion to waive this requirement. See id. The statute requires that a request be presented to the Bureau of Prisons in the first instance, and judicial review is unavailable unless and until that requirement is met. See Franco, 973 F.3d at 468.

Here, the record reflects that Hall submitted a request to the Bureau of Prisons based on the death of his wife. See Record Document 707 at 5–6. However, the Government argues that Hall has not exhausted his administrative remedies as to his argument regarding the disparity in the guidelines' treatment of methamphetamine offenses. See id. at 6. Because Hall has not demonstrated that he exhausted administrative remedies with respect to his argument concerning the Sentencing Guidelines' treatment of methamphetamine offenses, that argument is not properly before the Court.

The Court notes that even if Hall's argument about the guidelines' disparate treatment of methamphetamine was properly exhausted, that argument would not warrant relief. The alleged disparity in the Sentencing Guidelines' treatment of methamphetamine

offenses does not constitute an extraordinary and compelling reason for release. This argument was previously raised and rejected by this Court and, in any event, non-retroactive changes in the law do not provide a basis for compassionate release under controlling Fifth Circuit precedent. See Record Document 592 at 6; see also United States v. Austin, 125 F.4th 688 (5th Cir. 2025).

## II.       Analysis

Hall relies on the family circumstances provision of U.S.S.G. § 1B1.13(b)(3)(A), which permits a reduction where there is a death or incapacitation of the caregiver of a defendant's minor child. Hall represents that his wife's death has left his child without adequate care and that he is needed as a caregiver. See Record Document 697. In his reply, Hall clarifies that his mother-in-law is currently providing care for multiple children in what he describes as a strained living arrangement. See Record Document 733 at 3.

The Court does not minimize the tragic nature of the circumstances described by Hall. The Court is sympathetic to Hall and his family. Nevertheless, Hall bears the burden of demonstrating that his circumstances satisfy the requirements of § 1B1.13. Even accepting Hall's representation that his mother-in-law is currently caring for numerous children in a limited space, Hall has not demonstrated that he is the only available caregiver for his minor children. The record reflects that a caregiver (his mother-in-law) is in fact providing care. Hall has not shown that this arrangement is untenable or that no other family members or suitable individuals are available to assist.

Hall argues in his reply that § 1B1.13(b)(3)(A) does not require him to establish that he is the "only available caregiver." See Record Document 733 at 1–2. While the Court has considered this argument, courts within the Fifth Circuit have consistently

required a defendant seeking compassionate release on family-circumstances grounds to demonstrate that he is the only available caregiver. See United States v. Lopez, No. 23-50404, 2024 WL 244935, at *1 (5th Cir. Jan. 23, 2024) (affirming denial of compassionate release, as the defendant "failed to explain why his other siblings could not care for his parents"); see also United States v. Tyler, No. CR 09-391, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021) ("[C]ourts have held that the 'family circumstances' criterion requires that the compassionate-release petitioner be the 'only available caregiver' for the incapacitated family member"); see also United States v. Nevers, No. CR 16-88, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (defendant's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver"). Hall has not made a showing that he is the only available caregiver. Accordingly, Hall has failed to establish extraordinary and compelling reasons warranting a reduction in his sentence.

Even if Hall had demonstrated extraordinary and compelling reasons, the Court would deny relief after considering the factors set forth in 18 U.S.C. § 3553(a). Hall was involved in a significant drug trafficking conspiracy involving large quantities of methamphetamine. See Record Document 487 at 6. At sentencing, Hall's criminal history category of V reflected a substantial prior record, which involved burglary, drug possession, drug distribution, and felony theft. See id. at 15. Additionally, Hall has only served about one-third of his sentence. Reducing his sentence at this time would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Nor would it adequately protect the public from further crimes. The Court previously determined that the § 3553(a) factors weigh

strongly against a reduction in Hall's sentence, and Hall has not presented any basis for the Court to depart from that conclusion. See Record Document 592 at 6–7.

### CONCLUSION

Based on the reasons explained above, Hall's Motion for Compassionate Release (Record Document 697) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT